## BERRY v. STATE OF INDIANA.

[No. 13,602. Filed June 5, 1929.]

W. D. Hardy, for appellant.

Arthur L. Gilliom, Attorney-General, and Edward J. Lennon, Jr., Deputy Attorney-General, for the State.

LOCKYEAR, J.—The appellant was charged in an indictment with the unlawful possession of whisky. The date charged was November 3, 1925. The appellant filed a motion for a new trial, which was upon the grounds that the finding of the court was contrary to law and was not sustained by sufficient evidence; and that the court erred in admitting the testimony of witnesses for the State for the reason that it does not appear that the witness, a deputy sheriff, was on the premises of the appellant by virtue of a search warrant or that any crime was being committed in the presence of the officer. The motion was overruled and exception to said ruling of the court was made and this ruling of the court was assigned as a cause for a new trial.

A candidate for mayor of Evansville had headquarters for colored voters in a room upstairs in the appellant's residence; the place was open to the public. The officers went upstairs where men were talking and swearing; on the table was found a bottle of "white mule" whisky; the people in the room were all drinking; the appellant was downstairs, and his wife was upstairs with the drunken men. Any person who desired could come and go as he pleased, and there was nothing to prevent an officer of the law from entering the place without a search warrant as freely as could the patrons of the place. The whisky was on the table in plain view. The appellant was in possession of the place and there was sufficient evidence to sustain the finding that he was in possession of the intoxicating liquor. The appellant's motion for a new trial was properly overruled.

Judgment affirmed.